UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40254
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

DAVID KEITH SPIGNER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:95-CV-566)
_____
December 16, 1996


Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     David Spigner, #03420-078, filed a motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence by a person in

federal custody.  To the extent that Spigner requires a certificate

of appealability to appeal the denial of his motion, it is GRANTED.

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

With respect to Spigner's claim that he received ineffective assistance of counsel because his counsel failed to obtain to the amount of crack cocaine attributed to him for sentencing purposes, Spigner has not demonstrated any deficient performance on counsel's part. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). With respect to the other claims of ineffective assistance of counsel that Spigner raised for the first time on appeal, Spigner has not established plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc) (the plain error standard), *cert. denied*, 115 S. Ct. 1266 (1995).

This court has rejected equal protection challenges to the constitutionality of the sentencing guidelines for crack offenses. *See United States v. Watson*, 953 F.2d 895, 897-98 (5th Cir.), *cert. denied*, 504 U.S. 928 (1992).

Finally, we find Spigner's Commerce Clause challenge to 21 U.S.C. § 860 is devoid of merit. *See United States v. Lopez*, 115 S. Ct. 1624, 1630 (1995); *United States v. Gallo*, 927 F.2d 815, 823 (5th Cir. 1991).

AFFIRMED.